# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00460-CR

Alexander Dolan Davis, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
NO. 34982, THE HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Alexander Dolan Davis was placed on community supervision after he pled guilty to aggravated robbery.[1] *See* Tex. Penal Code § 29.03; Tex. Code Crim. Proc. art. 42.12, § 3. After continuing appellant on community supervision after two prior motions to revoke, the trial court granted the State's third motion to revoke after finding that appellant had again violated the conditions of his community supervision.[2] *See id.* art. 42.12, §§ 21–23. The court revoked

---

[1] It is unclear from the record whether appellant's middle name is spelled "Dolan" or "Dolen" as it appears both ways throughout the record. We spell his name as it appears on the trial court's judgment revoking community supervision.

[2] The State's motion to revoke alleged that appellant violated the conditions of supervision in various ways, including the commission of several misdemeanor offenses, the failure to abstain from the use and/or possession of alcoholic beverages and illegal drugs, the failure to pay certain fees associated with supervision, the failure to complete an anger management program, and the failure to obtain a medical and psychological evaluation as directed. After appellant pled true to most of the allegations, the State presented evidence. Based on the evidence and appellant's pleas of true, the trial court found all the allegations contained in the motion to revoke to be true.

appellant's community supervision and assessed his punishment at six years' confinement in the Texas Department of Criminal Justice, the previously suspended sentence. *See id.* art. 42.12, § 23.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988).

Appellant's counsel has represented to the Court that he provided copies of the motion and brief to appellant and advised appellant of his right to examine the appellate record and file a pro se response. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se response or brief has been filed.

We have conducted an independent review of the record, including appellate counsel's brief and the revocation proceeding, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted. The trial court's judgment revoking community supervision is affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   August 15, 2014

Do Not Publish